**ABELSON | HERRON LLP**
  Michael Bruce Abelson (CA Bar No. 130739)
  Vincent H. Herron (CA Bar No. 216426)
  Lisa Von Eschen (CA Bar No. 156798)
333 South Grand Avenue, Suite 1550
Los Angeles, California 90071-1559
Telephone: (213) 402-1900
Facsimile: (213) 402-1901
mabelson@abelsonherron.com
vherron@abelsonherron.com
lvoneschen@abelsonherron.com

Attorneys for Defendants, Cross-Complainants
and Third Party Plaintiffs OMP, Inc. and
Obagi Medical Products, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, et al.,<br><br>Plaintiffs<br><br>v.<br><br>OMP, INC., et al.<br><br>Defendants.<br>_____<br><br>AND RELATED CROSS-ACTIONS | CASE NO. 2:11-cv-04209-JHN-JCx<br><br>**PROTECTIVE ORDER AND STIPULATION**<br><br>*No Hearing Required*<br><br><u>Case Management Schedule</u><br><br>Discovery Cut-Off:   June 5, 2012<br>Motion Cut-Off:      Aug. 13, 2012<br>Trial Date:          Nov. 6, 2012 |

To limit the use of information discovered in the course of the above-captioned case and to protect the confidentiality of information deemed confidential by Plaintiffs and Counter-Defendants National Fire Insurance Company of Hartford ("National Fire") and American Casualty Company of Reading, PA ("American Casualty"); Defendants, Counter-Claimants and Third Party Plaintiffs OMP, Inc. and Obagi Medical Products, Inc., and Third Party Defendant Federal Insurance Company ("Federal" and, collectively with the others, the "Parties"), as well as information deemed Confidential by non-parties, the Parties have agreed and this Court ORDERS as follows:

## I.    INTRODUCTION/DEFINITIONS

As used in this stipulation, "information" means (1) documents, discovery responses, deposition transcripts, deposition videotapes, electronic data, and other material produced or exchanged in the course of this case; (2) any copies, notes, abstracts, or summaries of or derived in whole or in part from material produced or exchanged in the course of this case; and (3) any pleading, motion, brief, declaration, transcript, or filing containing any of categories (1) and (2).  "Counsel of Record," as used herein, are:  those partners, of counsel, employees or associates of:

- Carroll, McNulty & Kull, LLC and Berkes, Crane, Robinson & Seal, LLP, who are working on the above-captioned case on behalf of Plaintiffs and Counter-Defendants National Fire and American Casualty;
- Abelson | Herron LLP, who are working on the above-captioned case on behalf of Defendants, Counterclaimants and Third Party Plaintiffs OMP, Inc. and Obagi Medical Products, Inc, and
- Newton Remmel, who are working on the above-captioned case on behalf of Third Party Defendant Federal.

## II. **GOOD CAUSE FOR ENTRY OF PROTECTIVE ORDER**

Each party represents that the documents and information it has produced or it expects to produce in discovery contain Confidential Information, as follows:

1. Proprietary non-public business information relating to the business operations, the development, pricing, and marketing of products or services, and business strategies of OMP, Inc., Obagi Medical Products, Inc., National Fire Insurance Company of Hartford, American Casualty Insurance Company and Federal Insurance Company. Each party represents that it will be prejudiced if such proprietary, non-public business information is revealed to its competitor or to the public;

2. Confidential and proprietary business information produced in discovery by ZO Skin Health, Inc., Dr. Zein Obagi, Zein E. Obagi, M.D., Inc., Samar Obagi, the Zein and Samar Obagi Family Trust, Skin Health Properties, Inc. (collectively, with ZO Skin Health, Inc., Dr. Zein Obagi, Zein E. Obagi, M.D., Inc., Samar Obagi, and the Zein and Samar Obagi Family Trust, the "ZO Parties"), OMP, Inc. and Obagi Medical Products, Inc., and by their customers and business associates in (i) a lawsuit captioned *ZO Skin Health, Inc. v. OMP, Inc., et. al.,* Case No. BC 429414, Superior Court of California ("the ZO Skin Health Lawsuit") subject to a stipulated protective order entered by the Superior Court of the State of California on November 23, 2010 ("the ZO Skin Health Lawsuit Protective Order"), and (ii) a private arbitration captioned *Dr. Zein E. Obagi, M.D. et al. v. Obagi Medical Products, Inc. et al.*, Reference No. 1220040871, JAMS ("The ZO Skin Health Arbitration") subject to a stipulated protective order entered by the JAMS arbitrator on October 5, 2010 ("the ZO Skin Health Arbitration Protective Order");

3. Discovery materials served by the parties in the ZO Skin Health Lawsuit or the ZO Skin Health Arbitration including, but not limited to, the parties' interrogatories and answers thereto, transcripts of depositions and exhibits

PROTECTIVE ORDER AND STIPULATION
2

1  thereto, requests for production of documents and responses thereto, and responses
2  to requests for admissions, which documents were designated "CONFIDENTIAL"
3  or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to the
4  ZO Skin Health Lawsuit Protective Order or the ZO Skin Health Arbitration
5  Protective Order; and

6      4.    Any and all documents filed by the parties in support of and in
7  opposition to a motion in the ZO Skin Health Lawsuit by OMP, Inc. and Obagi
8  Medical Products, Inc. for Summary Adjudication, and in support of and in
9  opposition to a motion by ZO Skin Health, Inc. for Summary Judgment or, in the
10 alternative, for Summary Adjudication, which documents were permitted by the
11 Superior Court to be filed under seal pursuant to an order entered by the Court on
12 May 16, 2011.

13     The bulk of the material marked "CONFIDENTIAL" or "HIGHLY
14 CONFIDENTIAL - ATTORNEYS' EYES ONLY" by the ZO Parties and used in
15 the ZO Skin Health Lawsuit and the ZO Skin Health Arbitration consists of
16 confidential business information that relates to the negotiation of a transaction
17 between the ZO Parties and Rohto Pharmaceuticals, Co. Ltd. ("Rohto").
18 Publication of this material would place third parties at a significant advantage
19 over the ZO Parties in negotiating future transactions similar to the Rohto
20 transaction by allowing third parties access to information about what the ZO
21 Parties were and were not willing to accept in those negotiations.  Disclosure of
22 this confidential information will cause significant competitive harm to the ZO
23 Parties in its future negotiations.  The remaining documents marked
24 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
25 ONLY" by the ZO Parties largely consist of (a) confidential business information
26 that pertains to the ZO Parties' interactions with OMP, including interactions on
27 several legal matters, disclosure of which to third parties would be detrimental to
28 the ZO Parties' economic and legal situation and would cause significant

competitive harm to the ZO Parties; and (b) confidential, proprietary, and trade secret information related to the ZO Parties' products and business models, disclosure of which would significantly harm the ZO Parties' business interests and put their competitors at a significant competitive advantage over them.

### III. DESIGNATION OF "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" INFORMATION

Any party or non-party may designate as "CONFIDENTIAL" any information it considers, in good faith, to be non-public business information and/or information that may invoke the privacy rights of third parties. Such a designation may be made at any time, but the rights and obligations set forth in this stipulation shall apply only once such a designation has been made. Where an item of information consists of more than one page, the first page and each page on which "CONFIDENTIAL" information appears shall be so designated.

Any party or non-party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any "CONFIDENTIAL" information it considers, in good faith, to be extremely sensitive and whose disclosure to another party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means, and which would not be adequately protected by a designation as "CONFIDENTIAL." Such a designation may be made at any time, but the rights and obligations set forth in this stipulation shall apply only once such a designation has been made. Where an item of information consists of more than one page, the first page and each page on which "HIGHLY CONFIDENTIAL" information appears shall be so designated.

Designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as produced in any other or prior litigation or arbitration shall be sufficient and shall not need to be redesignated to obtain the protection of this Protective Order and Stipulation.

### A.   Challenge to Designation

If a party contends that any information is not entitled to either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment, such party may, within ten (10) days of receiving the information, give written notice thereof to the party or non-party who designated the information identifying with reasonable specificity the information the receiving party contends is <u>not</u> entitled to either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment and its reasons for challenging the designation.  The party or non-party who designated the information shall have ten (10) days from the receipt of such written notice to respond to the party who challenged the designation.  The parties shall, pursuant to L.R. 37-1, confer within ten (10) days from the receipt of written notice and attempt in good faith to resolve any dispute regarding whether the designated information is entitled to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment.    If the parties are unable to resolve any such dispute within such ten (10) day period, the party who challenged the designation shall have seven (7) additional days to prepare and serve its portion of the written stipulation and other documents required by L.R. 37-2-2.   The parties shall thereafter prepare and file the joint stipulation and any supplemental memoranda of law as provided by L.R. 37-2.  The party or non-party that designated the information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" has the burden of establishing that the information is entitled to such protection.

If a party contends that information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" should instead be designated only as "CONFIDENTIAL," such party may, within ten (10) days of receiving the information, give written notice thereof, together with its reasons for the contention, to the party or non-party who designated the information as "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY." The party that challenged the designation and party or non-party who designated the information shall pursuant to L.R. 37-1 confer within ten (10) days from the receipt of such written notice in a good faith effort to resolve any dispute regarding whether the designated information is entitled to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment. If the parties are unable to reach an agreement as to whether the information should be afforded its designated level of protection within ten (10) days, the party who challenged the designation shall have seven (7) additional days to prepare and serve its portion of the written stipulation and other documents referred to in L.R. 37-2-2. The parties shall thereafter prepare and file the joint stipulation and any supplemental memoranda of law as provided by L.R. 37-2. The party or non-party that designated the information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" has the burden of establishing that the information is entitled to such protection.

**B.     Treatment of Information While Challenge Is Pending**

Notwithstanding any challenge to the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," all information shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

1.     The party or non-party who claims that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" withdraws or modifies such designation in writing; or

2.     The party or non-party who claims that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" fails to respond to the party challenging the designation within ten (10) days; or

3.     The Court rules the information is not "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

**C.  Limitation on Disclosure of "CONFIDENTIAL" Information**

Except with the prior written consent of the other party or non-party that designated the information as "CONFIDENTIAL", or upon prior order of this Court obtained upon notice to opposing counsel, information designated as "CONFIDENTIAL" must not be disclosed to any person other than:

    1.  Counsel of Record for the respective parties to this case;

    2.  Any authors or previous recipients of the information;

    3.  The parties to this case, and any officer or employee of a party;

    4.  The court reporter and videographer (if any) present at any hearing, deposition, or trial pertaining to this case; and

    5.  Deponents in deposition, and/or consulting experts or expert witnesses retained for the prosecution or defense of this litigation but only if such individuals have signed Exhibit A before reviewing any "CONFIDENTIAL" information.

    6.  Any officer or employee of any reinsurers, but only if such individuals have signed Exhibit A before reviewing any "CONFIDENTIAL" information.

    7.  The Court and Court personnel, in connection with any application to the Court to seal any document that contains or comprises CONFIDENTIAL information, or any such document filed with the Court under seal pursuant to Court order.

**D.  Limitation on Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information**

Except with the prior written consent of the other party or non-party that designated the information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or upon prior order of this Court obtained upon notice to opposing counsel, information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must not be disclosed to any person other than:

1.    Counsel of Record for the respective parties to this case, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the Certificate attached to this Order as Exhibit A;

2.    The Receiving Party's In-House Counsel directly involved in claims handling or supervision of the instant litigation to whom disclosure is reasonably necessary, and who have signed the Certificate attached to this Order as Exhibit A;

3.    With respect to any particular document, the authors, addressees or copies of such document;

4.    The court reporter and videographer (if any) present at any hearing, deposition, or trial pertaining to this case;

5.    Consulting experts or expert witnesses retained for the prosecution or defense of this litigation, but only if such individuals have signed Exhibit A before reviewing any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.

6.    The Court and Court personnel, in connection with any application to the Court to seal any document that contains or comprises CONFIDENTIAL INFORMATION, or any such document filed with the Court under seal pursuant to Court order.

**E.    Filing of Confidential Documents with the Court**

The parties agree that any pleading, motion, deposition transcript or other paper that a party wishes to file with the Court that quotes or attaches information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," shall be the subject of an application pursuant to L.R. 79 to the Court to file such documents under seal. Any such application must be made to the particular judge considering the matter to which the proposed under seal filing pertains (<u>e.g.</u>, to the magistrate judge with respect to discovery

proceedings, and to the district judge with respect to non-discovery proceedings), and must make an individualized and particularized showing of good cause or compelling need, depending upon the context. However, any such confidential information shall continue to be available to such persons permitted access to such information under this Order. Where possible, only the confidential portions of filings with the Court shall be submitted for filing under seal.

### F. Maintenance of Designated Information

Counsel to the parties in this litigation and those persons to whom disclosure is permitted under the terms of this Protective Order who have received information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall maintain such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in a secure and safe location and shall exercise due and proper care with respect to storage, custody, use, and disposal, so as to prevent the unauthorized or inadvertent disclosure of any of it.

## IV. LIMITATION ON USE OF CONFIDENTIAL AND "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" INFORMATION

The use of all information produced or disclosed in this action, including but not limited to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is limited solely to the prosecution and defense of this action and any appeals from it, except as otherwise ordered by this Court. Persons receiving information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must not reveal or discuss that information to or with any person who is not entitled to receive the information, except as set forth herein or as otherwise ordered by the Court.

## V. WAIVER OF CONFIDENTIAL DESIGNATION

Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" although a document may lose its confidential status if it is made public.

## VI.   INADVERTENT PRODUCTION OR FAILURE TO DESIGNATE

1.   In the event that any document or thing qualifying for designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is inadvertently produced without the proper designation, the disclosing party shall identify such document or thing promptly after its inadvertent production is discovered and provide a copy of such document or thing with the proper designation to counsel for the receiving party. Upon receipt thereof, the receiving party shall promptly return or destroy all copies of the undesignated document or thing. Upon written request by the designating party, the receiving party will provide written verification of compliance with this provision.

2.   In the event that any document or thing containing or constituting privileged attorney-client communications or attorney work product is inadvertently produced, the disclosing party shall notify the receiving party promptly after it is discovered that the privileged material was inadvertently produced for inspection or provided. Upon receipt of such notification, the receiving party shall promptly return to counsel for the disclosing party any and all copies of such document or thing and thereafter refrain from any use whatsoever, in this case or otherwise, of such document or thing. Nothing herein shall prevent the receiving party from contending that any such document or thing was not inadvertently produced, or that privilege was waived for reasons other than the mere inadvertent production thereof.

3. In the event that a receiving party receives a document or thing containing privileged attorney-client communications or attorney work product that the receiving party believes has been inadvertently produced, the receiving party shall notify the disclosing party promptly after it is discovered that the privileged materials may have been inadvertently produced for inspection or provided.  If a disclosing party has notified the receiving party of inadvertent production hereunder, or has confirmed the inadvertent production called to its attention by the receiving party, the receiving party shall promptly return to counsel for the disclosing party any and all copies of such document or thing and thereafter refrain from any use whatsoever, in this case or otherwise, of such document or thing.  Nothing herein shall prevent the receiving party from contending that any such document or thing was not inadvertently produced, or that privilege was waived for reasons other than the mere inadvertent production thereof.

## VII. LEGAL PROCESS SEEKING PRODUCTION OF CONFIDENTIAL INFORMATION

In the event a receiving party is served with legal process seeking production of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information obtained through discovery and protected under the terms of this Protective Order, the receiving party shall promptly notify the designating party or non-party whose material is sought of the service of legal process, as well as provide the designating party or non-party a copy of the legal process. The receiving party shall afford the designating party or non-party a minimum of ten (10) days to object thereto or to intervene for the purpose of seeking a protective order to prevent or limit the disclosure unless such legal process requests the production of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information within ten (10) days.  In such event, the receiving party shall provide no less than forty-eight (48) hours notice of the service of legal process, which notice shall

include a copy of the legal process. Nothing in this Order shall restrict or limit a party's ability to timely comply with a subpoena or order issued in connection with another action, or relieve a party of the obligation to do so.

## VIII. USE OF INFORMATION AT TRIAL

The terms of this Order are subject to review and amendment by the Court in connection with the use of confidential information at trial or at any other time the Court deems appropriate.

## IX. CONCLUSION OF LITIGATION

All provisions of this Order restricting the communication or use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in possession of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, other than that which is contained in a single file copy maintained by one counsel of record for each party of pleadings, attorney work product, correspondence, deposition transcripts, deposition exhibits, trial transcripts and trial exhibits, shall destroy or return such information, including all such information provided to experts or other persons, to the producing party (or its counsel) no later than ninety (90) days after conclusion of this action, including any appeals therefrom. The cost to return the documents shall be borne by the party who produced them.

## X. EXTENSION TO NON-PARTIES

Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the Parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

Dated:  April 17, 2012　　　　　　　　　**ABELSON | HERRON LLP**
　　　　　　　　　　　　　　　　　　　　　Michael Bruce Abelson
　　　　　　　　　　　　　　　　　　　　　Vincent H. Herron
　　　　　　　　　　　　　　　　　　　　　Lisa Von Eschen


　　　　　　　　　　　　　　　　　　By   /s/  Michael Bruce Abelson
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　　Cross-Complainants and Third Party
　　　　　　　　　　　　　　　　　　　　Plaintiffs OMP, Inc. and Obagi
　　　　　　　　　　　　　　　　　　　　Medical Products, Inc.

| | | |
|---|---|---|
| 1 | Dated: April 17, 2012 | **CARROLL, McNULTY & KULL LLC** |
| 2 | | David M. Kupfer |
| | | Christopher R. Carroll |
| 3 | | *Admitted Pro Hac Vice* |
| 4 | | **BERKES,** |
| 5 | | **CRANE, ROBINSON & SEAL, LLP** |
| | | Steve Crane |
| 6 | | |
| 7 | | |
| | | By  /s/ David M. Kupfer          . |
| 8 | | Attorneys for Plaintiffs and |
| 9 | | Cross-Defendant  National Fire Insurance |
| | | Company of Hartford and American |
| 10 | | Casualty Company of Reading, PA |

Dated: April 17, 2012

**NEWTON REMMEL**
A Professional Corporation
  Stephen L. Newton
  Lenell Topol McCallum


By  /s/ Stephen L. Newton          .
Attorneys for Third Party Defendant
 Federal Insurance Company

### ORDER

**IT IS SO ORDERED.**

Dated: April 20, 2012

              /s/
        Jacqueline Chooljian
    United States Magistrate Judge

PROTECTIVE ORDER AND STIPULATION
14

# EXHIBIT A

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____, hereby acknowledge that:

1. I have received a copy of the Stipulated Protective Order (the "Order") entered on _____, 2012 in <u>National Fire Ins. Co., et al. v. OMP, Inc., et al.</u>, United States District Court for the Central District o California, Case No 2:11-cv-04209-JHN-JCx;

2. I have reviewed the Order;

3. I agree to be bound by the terms of the Order, and specifically agree that I will not use, disclose, disseminate or otherwise make public any Confidential or Highly Confidential document (as defined in the Order), or information contained in such Confidential or Highly Confidential document other than as permitted by the Order or ordered by the Court; and

4. I understand that violation of this Agreement or the Order may constitute contempt of court and I hereby consent to the jurisdiction of this Court with regard to any proceedings relating to this Order.

DATED: _____,

_____
Signature

_____
Printed Name

_____
Entity or Organization Affiliation

PROTECTIVE ORDER AND STIPULATION
1